## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| MAGNUS AIRCRAFT INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:18-cv-253 |
| | § | |
| RICHARD A. ESTENSON, RHETT | § | |
| HAWK, LLC, and FALCON AERO, | § | |
| INC. | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Magnus Aircraft Inc. respectfully files this Original Complaint against Defendants Richard A. Estenson, Rhett Hawk, LLC, and Falcon Aero, Inc. ("Defendants"), and shows as follows:

### I.

### PARTIES

1.      Plaintiff Magnus Aircraft Inc. ("Magnus Inc.") is a corporation that is incorporated under the laws of the State of Virginia, with its principal place of business in the State of Virginia.

2.      Defendant Richard A. Estenson ("Estenson"), an individual and a citizen of the State of Texas, may be served with process at 155 Airport Road Fredericksburg, Texas 78624.

3.      Defendant Rhett Hawk, LLC ("Rhett Hawk") is a domestic limited liability company with its principal place of business in the State of Texas. Its managing member, Richard A. Estenson, is a citizen of the State of Texas. Rhett Hawk may be served with process by serving its registered agent, Richard A. Estenson, at 155 Airport Road, Fredericksburg, Texas 78624.

4.      Defendant Falcon Aero, Inc. ("Falcon Aero") is a corporation that is incorporated under the laws of the State of Texas, with its principal place of business in the State of Texas. Falcon Aero may be served with process by serving its registered agent, Richard A. Estenson, at

155 Airport Road, Fredericksburg, Texas 78624.

## II.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Magnus Inc. and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

6.      Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) because Defendants reside in this District and Division, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this District and Division and a substantial part of the property at issue is situated in this District and Division.

## III.

## CONDITIONS PRECEDENT

7.      All conditions precedent have been performed or have occurred.

## IV.

## FACTS

8.      Magnus Inc. filed suit because Defendants wrongfully possess an aircraft that belongs to Magnus Inc.

9.      Defendants' actions have further wrongfully deprived Magnus Inc. of possession of its property.

10.     The property at issue is a 2016 Magnus Fusion 212 aircraft, serial number MF-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, registration number N434MA, registered under the name of Magnus Inc. ("Aircraft").

11.     Additional property at issue belonging to Magnus Inc.—including without limitation parts, keys, and documents for another aircraft—were placed in the Aircraft and have not been returned to Magnus Inc. ("Other Property").

**PLAINTIFF'S ORIGINAL COMPLAINT**                                   **Page 2 of 11**

A.    **Ownership of Aircraft**

12.    Magnus Inc. purchased the Aircraft on November 29, 2017 for $80,000.

13.    Magnus Inc. is the registered owner of the Aircraft with the Federal Aviation Administration.

B.    **Defendants' Anticipated and Inaccurate Claim of Agreement**

14.    Magnus Inc. anticipates that Defendants will claim they have an enforceable agreement. Such a claim is factually and legally inaccurate.

15.    Defendants had discussions with a different company, Magnus Aircraft LLC ("Magnus LLC"), that Defendants could provide hangar space for lease.

16.    Magnus Inc. anticipates that Defendants will claim an agreement to lease hangar space for three years.

17.    There is no such enforceable agreement.

18.    Any agreement with these terms could not be performed within one year, and is therefore subject to the Texas statute of frauds. Tex. Bus. & Com. Code § 26.01(b)(6).

19.    Further, an agreement to lease real estate for more than one year is subject to the Texas statute of frauds. Tex. Bus. & Com. Code § 26.01(b)(5).

20.    Any agreement subject to the statute of frauds is enforceable against a party only if it is in writing and signed by that party.

21.    Neither Magnus Inc. nor Magnus LLC have ever signed a written agreement for leasing hangar space with Defendants.

22.    Defendants have admitted that there is no written hangar lease agreement in this case.

23.    Despite the absence of an agreement, Rhett Hawk and Estenson have claimed that they are owed storage fees for a 36-month period beginning on June 15, 2017 and ending on June

15, 2020.

24.    Communications with Defendants also demonstrate that Defendants and Magnus LLC had not come to a meeting of the minds on the specific terms of any potential hangar lease agreement claimed by Defendants.

25.    Magnus LLC was terminated on December 1, 2017, under Texas Business Organizations Code section 11.051(2).

26.    Further, Magnus Inc., not Magnus LLC, is the owner of the Aircraft.

27.    Magnus Inc was incorporated on November 9, 2017 in the State of Virginia.

28.    Magnus Inc. has never done business of any kind with Defendants and has never entered into any agreements with Defendants.

**C.    Defendants' Improper Possession of the Aircraft and Other Property**

29.    Defendants have taken possession of the Aircraft and Other Property and refused to release it to Magnus Inc., its rightful owner.

30.    Defendants were notified on or about December 5, 2017 by telephone and in writing (via emails and faxed letters) that the Aircraft belonged to Magnus Inc.

31.    Also on or about December 5, 2017, Magnus Inc. requested information about the location of its property.

32.    On or about January 25, 2018, Magnus Inc. demanded that Defendants release the Aircraft and make it available to its owner.

33.    On or about February 7, 2018, representatives of Magnus Inc. unsuccessfully tried to locate the Aircraft, in person and over the phone.

34.    Magnus Inc. received no written response from any of the Defendants until on or about February 13, 2018, when a letter from the representative of Rhett Hawk and its managing member, Estenson, was received.

35.     On information and belief, Defendants have stored the Aircraft and Other Property at the Gillespie County Airport.

36.     Defendants have refused to identify the exact location of the Aircraft and Other Property, and Magnus Inc. has been unable to inspect the property or determine if Defendants have used or caused any damage to Magnus Inc.'s property.

37.     Rhett Hawk claims a right to storage fees under the claimed but non-existent agreement described above.

38.     On information and belief, despite claiming a right to storage fees at a specific hangar, the Aircraft has never been stored at that hangar.

**D.     Defendants' Fraudulent Lien Against the Aircraft**

39.     Rhett Hawk filed with the Federal Aviation Administration a Claim of Lien against the Aircraft, based on Rhett Hawk's inaccurate claim of a contract for storage fees for a term of 36 months (June 15, 2017 to June 15, 2020) at a rate of $3,000 per month.

40.     Falcon Aero, not Rhett Hawk, had previously invoiced Magnus LLC for "Hangar space and utilities", which was paid in full.

41.     There was no agreement or consent to store the Aircraft with Rhett Hawk.

42.     In short, Rhett Hawk sought a lien against the Aircraft based on a claimed agreement that did not occur with a company (Magnus LLC) that (1) does not exist and (2) does not own the Aircraft, and filed by a company (Rhett Hawk) that had not previously invoiced or claimed to be entitled to hangar fees from Magnus LLC or Magnus Inc.

43.     Rhett Hawk in the Claim of Lien stated that storage services for the Aircraft were still being rendered by Rhett Hawk as of February 7, 2018.

44.     Defendants in their communications have stated they will not release the Aircraft until they are paid a full amount they claim under the nonexistent alleged agreement.

45.    Defendants have also threatened to sell the Aircraft, causing irreparable damages to Magnus Inc.

46.    Defendants' actions in improperly placing restrictions against Magnus Inc. taking possession of the Aircraft have caused further injury to Magnus Inc.

47.    The Aircraft is the demonstration model for Magnus Inc., necessary for Magnus Inc. to market and sell its Fusion 212 airplane product. Every day the Aircraft is wrongfully held by Defendants increases damages to Magnus Inc.

**E.    Magnus Inc.'s Entitlement to Equitable Relief**

48.    As described above, absent the requested relief, Magnus Inc. will suffer an actual and imminent irreparable injury and has no adequate remedy at law.

49.    As described in this pleading, there is a substantial likelihood that Magnus Inc. will succeed on the merits of the case.

50.    The injury Magnus Inc. faces outweighs the injury, if any, to Defendants as a result of the requested relief.

51.    Magnus Inc.'s requested equitable relief would not adversely affect public policy or the public interest. Other than the potential for some standard ministerial work by the Federal Aviation Administration, the requested equitable relief is unlikely to affect any non-party to this action.

## V.

## CAUSES OF ACTION

52.    All paragraphs above are incorporated in all sections herein.

**A.    Conversion**

53.    Magnus Inc. owns and has the right to immediate possession of the Aircraft and Other Property.

54.    The Aircraft and Other Property are personal property.

55.    Defendants wrongfully exercised and continue to wrongfully exercise dominion and control over the Aircraft and Other Property.

56.    Magnus Inc. suffered and continues to suffer injury as a result of Defendants' misconduct.

**B.    Texas Theft Liability Act**

57.    Magnus Inc. had and continues to have a possessory right to the Aircraft and Other Property.

58.    Defendants unlawfully appropriated the Aircraft and Other Property by taking it without Magnus Inc.'s effective consent.

59.    Defendants appropriated the Aircraft and Other Property with the intent to deprive Magnus Inc. of its property.

60.    Magnus Inc. sustained and continues to sustain damages as a result of Defendants' theft.

**C.    Trespass to Personal Property**

61.    Magnus Inc. had and continues to have a possessory right to the Aircraft and Other Property.

62.    Defendants unlawfully injured and/or interfered with, and continue to unlawfully injure and/or interfere with, Magnus Inc.'s possession of its personal property.

63.    Defendants intended to commit the act(s) resulting in the violation of Magnus Inc.'s property rights.

64.    Defendants have deprived Magnus Inc. the use of its property for a substantial time and may have injured Magnus Inc.'s property.

### D.    Fraudulent Lien/Claim Against the Aircraft

65.    Magnus Inc. owns an interest in personal property, the Aircraft.

66.    Defendants made, presented, and/or used a document or other record with knowledge that the document or other record is a fraudulent lien and/or claim against personal property and/or an interest in personal property.

67.    Defendants made, presented, and/or used a document or other record with intent that it be given the same legal effect as a court record or document of a qualifying court and/or entity to evidence a valid lien and/or claim against personal property and/or an interest in personal property.

68.    Defendants made, presented, and/or used a document or other record with intent to cause Magnus Inc. to suffer financial injury.

## VI.

## REMEDIES

69.    All paragraphs above are incorporated in all sections herein.

### A.    Damages

70.    As a direct and proximate result of Defendants' conduct, Magnus Inc. suffered the following injuries and damages, and requests the following injuries and damages, cumulatively or in the alternative:

      a.    Actual damages;

      b.    Loss of value;

      c.    Loss of use, coupled with return of the Aircraft and Other Property;

      d.    Lost profits;

      e.    Costs of restoration or repair;

      f.    Shipping costs associated with return of the Aircraft and Other Property;

       g.      Past and future travel and other expenses and fees associated with locating, inspecting, and taking possession of the Aircraft and Other Property;

       h.      Statutory damages;

       i.      Statutory additional damages;

       j.      Exemplary damages for Defendants' malice;

       k.      Exemplary damages for Defendants' knowing and/or intentional theft; and

       l.      Exemplary damages in an amount determined by the Court.

71.     Magnus Inc. requests costs and pre- and post-judgment interest at the maximum rate allowed by law.

## B.    Additional Relief

72.     Magnus Inc. seeks possession of its property, the Aircraft and Other Property.

73.     Magnus Inc. asks the Court to issue appropriate writs for Magnus Inc. to obtain possession of its property.

74.     Magnus Inc. requests declaratory judgments that:

       a.      Magnus Inc. is the owner of the Aircraft and Other Property;

       b.      Magnus Inc. has the legal right to possession of the Aircraft and Other Property;

       c.      Defendants have no hangar lease contract with Magnus Inc.;

       d.      Defendants have no right to possess the Aircraft or Other Property;

       e.      Defendants have no valid basis for a lien against the Aircraft; and

       f.      Any lien asserted by Defendants against the Aircraft is invalid and has no effect.

75.     Magnus Inc. requests a temporary restraining order and temporary and permanent injunctions as follows:

a.    Preventing Defendants from selling or altering the Aircraft or Other Property, or any piece or part of the Aircraft or Other Property;

b.    Defendants cease any and all interference with and obstruction of Magnus Inc. taking possession of the Aircraft and Other Property; and

c.    That Magnus Inc. has the opportunity to fully inspect the Aircraft and Other Property for any damage and afterwards take possession of the Aircraft (as its registered owner) and Other Property.

76.    Magnus Inc. requests an order nullifying and releasing any and all liens asserted by Defendants against the Aircraft.

**C.    Attorney Fees**

77.    Magnus Inc. is entitled to an award of attorney fees, costs, and related expenses under Texas Civil Practice and Remedies Code chapters 12, 37, and 134.

## VII.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Magnus Aircraft Inc. prays for judgment against Defendants for possession of the Aircraft and Other Property, actual damages, statutory damages, exemplary damages, reasonable and necessary attorney fees and costs incurred herein and on any appeal(s), pre- and post-judgment interest, the requested declarations, the requested writs and injunctive relief, any additional orders needed for execution and enforcement of the requested relief, and for such other and further relief, at law or in equity, as it may show itself justly entitled.

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, L.L.P.

**BRET A. SANDERS**
State Bar No. 24033152
**JEFFREY D. BOYD**
State Bar No. 24069404
1801 South MoPac Expressway, Suite 320
Austin, TX 78746
(512) 479-8400
(512) 479-8402 (Fax)
bsanders@feesmith.com
jboyd@feesmith.com

**ATTORNEYS FOR PLAINTIFF
MAGNUS AIRCRAFT INC.**